BARBERTON SAVINGS BANK CO. v. ETHAN ALLEN BELFORD ET AL.

ETHAN A. BELFORD v. ANNA S. BELFORD.

DECREE FOR DIVORCE WHERE JURISDICTION WAS NOT OBTAINED OVER DEFENDANT DOES NOT DETERMINE ALIMONY OR DOWER.

> A decree for divorce granted to a husband for the aggression of the wife under Gen. Code 11993 requires a judicial hearing by a court having jurisdiction of either the person or the property of the wife, or both; hence a decree for divorce granted in a proceeding in which no service, except by publication, was had upon the wife and of which she had no knowledge until after the decree, does not affect or determine her rights either to alimony or dower in property standing in the name of the husband.

APPEAL from common pleas court.

*F. A. Decker,* for plaintiff in Case No. 961.

*J. V. Walsh,* for defendants in Case No. 961.

*F. A. Decker,* for plaintiff in Case No. 962.

*W. E. Pardee* and *J. V. Welsh,* for defendant in Case No. 962.

**MARVIN, J.**

The rights of the parties in these two actions grow out of the same state of facts. A sum of money, resulting from the sale of real estate upon foreclosure of a mortgage given by Ethan A. Belford and Anna S. Belford to the Barberton Savings Bank, and which sum is a surplus above the payment of

Bank Co. v. Belford.

the' amount due to the bank upon the debt secured by such mortgage, is now in the hands of the sheriff of this county, where it is remaining until the issues between Ethan A. Belford and Anna S. Belford are determined.

Ethan A. Belford and Anna S. Belford were husband and wife. Both resided in Summit county while that relation subsisted between them, and each had resided there for a considerable period before they were married to each other. A separation took place between them, and then Ethan A. Belford removed to Guernsey county in this state, where he brought suit against his wife, Anna, and obtained a divorce from her. She, at the time, was not living in Guernsey county, and the only service obtained upon her in the divorce proceeding was by publication, the plaintiff in that action, Ethan A. Belford, having filed an affidavit there that he did not know where she resided, nor could he by reasonable diligence ascertain where her residence was. The decree for such divorce was entered in the court of common pleas of Guernsey county on December 17, 1906, and the court decreed "that the defendant has been guilty of gross neglect of duty towards the plaintiff, and by reason thereof the plaintiff is entitled to a divorce as prayed for. It is therefore adjudged and decreed that the marriage contract heretofore existing between Ethan A. Belford and Anna S. Belford be, and the same is hereby dissolved and both parties are released therefrom. It is further ordered and decreed that the defendant be hereby barred and divested of all claim, title and interest by dower or otherwise in any real estate belonging to said Ethan A. Belford, by reason of the aggressions of said Anna S. Belford."

The petition in No. 962 is filed by Anna S. Belford against Ethan A. Belford and sets out that she is a resident of the state of Ohio and now has a *bona fide* residence in the county of Summit; she says that on November 1, 1906, the defendant abandoned her without due cause. She says that while she was his wife he neglected his duty towards her and ill-treated her. Then she sets out his ownership of certain real estate in the village of Kenmore, Summit county. She further says

that there is in the hands of the sheriff of Summit county, subject to the order of the court, a considerable sum of money, to-wit, about $1,000, which belongs to the defendant, said money arising from the sale of real property in the case of the Barberton Savings Bank Company against Ethan A. Belford and Anna S. Belford (this is the same money already mentioned in this opinion) and she prays for alimony.

In the suit for foreclosure by the Savings Bank Company she answered, setting out that she was entitled to dower in the real estate, the mortgage upon which was foreclosed in that action, and she prays in that action to have allowed to her the value of her dower interest in the premises.

In his answer to the petition in No. 962, Ethan Allen Belford denies all allegations of wrongdoing on his part towards his wife, and sets up the decree of divorce granted to him in Guernsey county, as hereinbefore set out. To this answer the plaintiff replies, setting out that if the defendant obtained a divorce from her in Guernsey county, the same was obtained without notice to her and without her knowledge. She says that the time he filed his petition in the court in Guernsey county and at the time he filed his affidavit for service by publication upon her, he knew that she was a resident of Summit county, Ohio, and that if he did not know it, he could readily have found by the exercise of reasonable diligence that she did then reside in Summit county, and that therefore any divorce which he obtained in Guernsey county was by the perpetration of a fraud and imposition upon the court which granted the same; denies the jurisdiction of the court to grant the divorce; that she never had an opportunity to defend said divorce; that she never had her day in court, and repeats her allegation that she was not in the wrong in any differences between the plaintiff and the defendant, but that the defendant was wholly in the wrong.

The defendant, Ethan Allen Belford, offers in evidence a transcript of the proceedings of the court in Guernsey county. From this transcript it appears that the divorce was granted, as already said; that service was obtained by publication, after

Bank Co. v. Belford.

an affidavit was filed by the plaintiff in that action; that he did not know and had not the means of knowing where his wife then resided, and it shows this further fact that on April 25, 1907, which was at a term of the court subsequent to that in which the divorce was granted, Anna S. Belford filed a motion in that court and in that case, asking that the court open and set aside and hold for naught the judgment, orders and decrees that had before that time been entered in the case. She sets out in that motion the facts as contained in her reply here, that she had no notice of the filing of the petition or the hearing of the case, and that she has had no day in court, and at the same time she filed and caused to be forwarded a notice to the defendant that she would make an application on May 6, 1907, to have the judgment and decree of divorce set aside, denying all wrongdoing on her part, and asking that the petition against her be dismissed. Thereafter, on May 27, 1907, the court entered an order in these words: "The motion of the defendant to open and set aside and hold for naught the judgment, orders and decrees heretofore made and rendered against defendant herein was heard, refused and overruled. To which ruling the defendant excepts, and fifty days are allowed to prepare and file a bill of exceptions."

On the part of the defendant it is urged here that the plaintiff ought not to be permitted to pursue her action for alimony, nor to pursue her claim for dower, or for an allowance in lieu of dower in the foreclosure case. First, it is said, that whether the plaintiff could have any rights in reference to such dower or alimony, if she had not filed her motion and answer in the Guernsey county case, she is precluded now from proceeding here, because, it is said, she has had her day in that court which granted the divorce.

The reasoning for this contention is not in accord with the holdings of this court.

In the case of *Solomon v. Solomon*, 26 O. C. C. 307 (4 N. S. 321), it is said in the syllabus:

"A decree for divorce procured through the fraud of

37 O. C. C. Vol. 32.

plaintiff, which consisted in his obtaining service by publication upon defendant under a false affidavit that her whereabouts were unknown, cannot be opened up after the term and defendant allowed to come in and defend under favor of Sec. 5355 Rev. Stat. Said statute is not applicable to actions for divorce."

The reasons for this holding are discussed in the opinion and this language is quoted from the statute in reference to divorce. "No appeal shall be allowed from the decree, but the same shall be final and conclusive." And then this language is quoted from the opinion in the case of *Parish* v. *Parish*, 9 Ohio St. 534, 535 [75 Am. Dec. 482], where the foregoing provision of the statute is under consideration:

"This statutory provision is nothing more than a legislative recognition of the principle of public policy, which has been repeatedly affirmed by the courts, that a judgment or decree which affects directly the status of married persons, by sundering the matrimonial tie, and thereby enabling them to contract new matrimonial relations with other and innocent persons, should never be reopened. Such a course would endanger the peace and good order of society, and the happiness and well-being of those who, innocently relying upon the stability of a decree of a court of competent jurisdiction, have formed a connection with a person who wrongfully, perhaps, procured its promulgation."

Besides this quotation from *Parish* v. *Parish*, *supra*, many other authorities are cited and quoted in the opinion in *Solomon* v. *Solomon*, *supra*, and we reach the conclusion that the action of the court in Guernsey county in overruling the motion there made by the plaintiff in that action settles nothing so far as the present case is concerned. The court necessarily overruled the motion because it had no jurisdiction to open up the decree, which it was by that motion sought to have opened up. This case, therefore, stands here as though this plaintiff had never made any motion in the case in Guernsey county. The language of the court in the decree of divorce which declared that the defendant in that action was barred

Bank Co. v. Belford.

from any claim for dower added nothing to that decree. If the court had the jurisdiction to make the order, it was because the case was so in that court that the defendant in that action would have been barred of dower without the court saying anything about it.

The provision of law in regard to this matter is found in Gen. Code 11993 (R. S. 5700), and reads:

"When the divorce is granted by reason of the aggression of the wife, she shall be barred of all right of dower in the lands of which her husband is seized at the time of filing the petition for divorce, or which he thereafter acquires, whether there is issue or not."

So that if this section applies to the present case, the wife is barred of her dower, because the statute says so. If this section does not apply, then the language of the court does not bar her, because if the court had jurisdiction to bar her of dower she was barred by the statute itself, and this brings us to the question urged with vigor by the plaintiff, that since no service, except by publication, was had upon the wife and that she had no knowledge of the proceeding in Guernsey county until after the court had entered its decree, her property rights could not be affected by such decree. That the inchoate right of dower is recognized as a property right by our Supreme Court is shown in numerous cases. Among others, the case of *Mandell* v. *McClave*, 46 Ohio St. 407 [22 N. E. Rep. 290; 5 L. R. A. 519; 15 Am. St. Rep. 627], where in the syllabus it is said:

"The contingent right of a wife, during her husband's life, to be endowed of his real estate at his death, is property having a substantial value that may be ascertained with reasonable certainty from established tables of mortality, aided by evidence respecting the state of health and constitutional vigor of the husband and wife respectively."

In that case the matter is thoroughly discussed, and the result reached as announced in the syllabus.

To the same effect is the case of *Black* v. *Kuhlman*, 30 Ohio St. 196, 199.

We agree with counsel for the plaintiff who says in his brief that Gen. Code 11993 (R. S. 5700), presupposes and intends that a judicial hearing shall be had in which the court either had jurisdiction of the person of the wife or that the court had jurisdiction of the property itself in which dower might be or had attached, and in the absence of such jurisdiction of the wife or property, or both, the court could not affect the property rights of the wife without her day in court. And this view is supported by the case of *Doerr* v. *Forsythe,* 50 Ohio St. 726 [35 N. E. Rep. 1055; 40 Am. St. Rep. 703], the syllabus of which case reads:

"A divorce obtained by a husband from his wife in another state, without service other than by publication, and she being at the time a citizen of and residing in this state, does not in any way affect her property rights in this state."

In the opinion, which is very brief, on page 730, the court gives, among other reasons, why a decree in Indiana could not affect the wife's property rights in Ohio; that it is possible that the divorce was granted in Indiana upon some ground which would not be a ground for divorce in Ohio, and then follows with this language:

"But if it were otherwise, as she had no opportunity to defend, all that can be claimed for that decree, is that it dissolved the marriage relation between the parties, and restored the husband to the status of an unmarried man. This the court could do; but, as it had no jurisdiction of the person of the wife, it was not competent to the Indiana court to affect such rights as she had acquired in the property of the husband under the laws of this state."

The same reason which prevents the decree in a foreign state from affecting the property rights of the wife in this state appears to us equally strong upon the proposition that a decree rendered in this state, where the court had no jurisdiction of the person of the wife nor of the property in which she was interested, her property rights could not be affected.

The reasons why the marital status of the parties can be fixed by a court having jurisdiction of the person only of the

Bank Co. v. Belford.

plaintiff are founded upon public policy, as applicable especially to the marriage relation, and are fully discussed in the opinion in the case of *Solomon* v. *Solomon, supra.*

We reach the conclusion then that neither the right of Anna S. Belford to dower or to alimony is determined by the decree for divorce obtained in Guernsey county, and the court will hold the cases to hear evidence on the question of her rights in this regard.

**Henry** and **Winch, JJ.,** concur.